UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROGER L. LYLES, #132720,

       Plaintiff,

v.                                   CASE NO. 10-10588
                                   HONORABLE JOHN CORBETT O'MEARA
VALARIE BRADSHAW, *et al.,*      MAGISTRATE JUDGE MICHAEL HLUCHANIUK

       Defendants.
_____/

**ORDER
(1) DENYING PLAINTIFF'S MOTION TO STRIKE COUNTS I, II, IV, V AND VIII,
(2) DENYING PLAINTIFF'S MOTION FOR REINSTATEMENT OF COUNTS IX-XII,
(3) VACATING A PORTION OF THE COURT'S ORDER DATED APRIL 15, 2010,
(4) DISMISSING THE COMPLAINT, AND
(5) DENYING LEAVE TO APPEAL WITHOUT PREPAYMENT
OF THE APPELLATE FILING FEE**

**I. Background**

This is a civil rights action initiated by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on February 11, 2010, along with an application to proceed without prepayment of the fees and costs for this action. The complaint consisted of fourteen counts, and it named dozens of individuals as defendants.

Plaintiff failed to submit a sufficient number of copies of the complaint for service on the defendants. He also failed to submit a certified statement of his trust fund account, which is required by prisoners who wish to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(2). Consequently, on February 18, 2010, the Court ordered Plaintiff to submit copies of his complaint and a certified statement of his prison trust fund account to the Clerk of the Court. Plaintiff moved for reconsideration on the

grounds that he could not afford to make the necessary copies and he was unable to acquire a certified copy of his trust fund account.

On April 15, 2010, the Court granted Plaintiff's motion in part by waiving the requirement of a certified statement of his trust fund account and by ordering Plaintiff's custodian to calculate the initial partial filing fee and subsequent payments pursuant to 28 U.S.C. § 1915(b)(1)-(2). In the same order, the Court summarily dismissed counts IX - XII and ordered Plaintiff to submit twenty-eight copies of his complaint to the Clerk of the Court. Plaintiff subsequently moved to strike five counts I, II, IV, V, and VIII from his complaint.

The Court then determined that three or more of Plaintiff's prior complaints have been dismissed as frivolous or for failure to state a claim. *See Lyles v. Stahl*, No. 1:97-cv-00206 (W.D. Mich. Aug. 22, 1997); *Lyles v. Brazil*, No. 1:96-cv-00603 (W.D. Mich. Dec. 19, 1996); *Lyles v. McGinnis*, 1:95-cv-00572 (W.D. Mich. Jan. 17, 1996); *Lyles v. Terry L.*, No. 1:94-cv-00733 (W.D. Mich. May 22, 1995); and *Lyles v. Richardson*, No. 1:93-cv-00644 (W.D. Mich. Aug. 31, 1993). Because of this history of filing frivolous lawsuits, the Court ordered Plaintiff on June 10, 2010, to prepay the filing fee or to show cause why his complaint should not be dismissed.

Plaintiff filed an answer to the Court's order on June 22, 2010. His answer includes a motion for relief from judgment and for reinstatement of counts IX through XII of the complaint.

## II. Discussion

As noted, three or more of Plaintiff's prior complaints have been dismissed as frivolous or for failure to state a claim. Consequently, Plaintiff may not proceed without

prepayment of the filing fee unless he was in "imminent danger of serious physical injury" when he filed his complaint. 28 U.S.C. § 1915(g).

Plaintiff alleges in response to the Court's order to show cause that the Court failed to determine whether his medical claims in counts VII and XIV satisfy the exception to the "three strikes" rule for prisoners who are in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Court VII of the complaint alleges that, from July 25, 2006, until August 31, 2009, state officials failed to provide appropriate medical care for a cyst on Plaintiff's scalp. Count XIV alleges a breach of an implied agreement or contract to provide medical treatment. The count refers back to paragraphs 113 and 114 of the complaint, which allege that Plaintiff received no medication or treatment for pain on his left side in 2006. Neither count VII, nor count XIV, demonstrate that Plaintiff was in imminent danger of serious physical injury when he filed his complaint. Consequently, he has not satisfied the only exception to the "three strikes" rule.

Plaintiff alleges next that the Court erred in counting cases that he filed in 1993, 1994, and 1995 because those cases were filed and dismissed before the Prison Litigation Reform Act and 28 U.S.C. § 1915(g) were enacted in 1996. The United States Court of Appeals for the Sixth Circuit held in *Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir.1998), that civil rights dismissals entered before April 26, 1996, count as "strikes" for purposes of § 1915(g). Thus, the Court correctly counted as "strikes" the cases filed in 1993, 1994, and 1995.

Finally, Plaintiff alleges that the Court's Order to Show Cause is based in part on the Court's frustration with prison officials, who failed to provide Plaintiff with a certified statement of his trust fund account. Plaintiff asserts that he should not be held

accountable for a state official's failure to provide information about his trust fund account. This argument lacks merit because the Court's dismissal is based on Plaintiff's history of filing frivolous lawsuits, not on the failure to submit a certified statement of Plaintiff's trust fund account.

### III. Conclusion

Plaintiff's complaint "clearly fell under the provisions of § 1915(g) at the moment of filing." *Peeples v. Bradshaw*, 110 F. App'x 590, 591 (6th Cir. 2004). The Court therefore has no authority to consider the merits of his complaint. *Id.* Accordingly, the portion of the Court's prior order that directed payment of an initial partial filing fee and subsequent periodic payments [Dkt. #6] is **VACATED**, and the complaint [Dkt. #1] is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

Plaintiff's motion to strike counts I, II, IV, V, and VIII of the complaint [Dkt. #7] and his motion for relief from judgment and reinstatement of counts IX through XII [Dkt. 9] are **DENIED** as moot. Finally, Plaintiff may not appeal the Court's judgment without prepayment of the appellate filing fee for the same reason that he may not proceed without prepayment of the District Court filing fee: three or more of his lawsuits were dismissed on the ground that they were frivolous, malicious, or failed to state a claim for which relief may be granted, and he has not shown that is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: August 10, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 10, 2010, using the ECF system and/or ordinary mail.

            <u>s/William Barkholz</u>
            Case Manager